UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PAULA STARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06CV123 LMB |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

BRIEF IN SUPPORT OF THE ANSWER

Nature of Action and Prior Proceedings

This suit involves two applications made under the Social Security Act. The first is an application for disability benefits under Title II of the Act, 42 U.S.C. §§ 401 et seq. (Tr. 74-76). The second is an application for supplemental security income (SSI) benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. (Tr. 48-51). Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205. The applications received consideration (Tr. 40-44), but were denied and a request for hearing was filed.

On April 12, 2005, after Plaintiff waived her right to an administrative hearing, an administrative law judge (ALJ) rendered a decision (Tr. 164-69), in which he found that Plaintiff was not under a "disability" as defined in the Social Security Act. On August 25, 2005, the Appeals Council of the Social Security Administration remanded Plaintiff's case to an ALJ so that an administrative hearing could be conducted, at the request of Plaintiff's counsel (Tr. 23-24, 179-82).

An administrative hearing was held on November 17, 2005, at which Plaintiff testified and was represented by counsel (Tr. 238-55). Thereafter, on December 29, 2005, the ALJ rendered a decision in which he found that Plaintiff was not disabled (Tr. 12-16). On August 23, 2006, the Appeals Council denied Plaintiff's request for review (Tr. 4-6). Thus, the second decision of the ALJ stands as the final decision of the Commissioner.

## Statement of Facts

In her applications for disability benefits and SSI filed on February 19, 2004, Plaintiff alleged that she became disabled on February 15, 2004, at age 31, due to back and neck injuries from a car accident (Tr. 48, 74, 124). She was five-feet and eight inches tall and weighed 195 pounds (Tr. 123). Plaintiff had completed the ninth grade and testified that she attended special education classes (Tr. 84, 128, 251) and previously worked as a certified nurse's aide, a cook, and in a chicken processing plant (Tr. 124). Plaintiff had three minor children (Tr. 241). Defendant agrees with the statement of facts contained in Plaintiff's brief and those facts stated in the decision of the ALJ. Additional medical evidence and hearing testimony are more fully set forth in the Argument portion below.

## Standard of Review

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. See Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. See Kelley v. Callahan, 133 F.3d 583, 587 (8th Cir. 1998). Evidence that both supports and detracts from the Commissioner's decision should be considered, and an

2

administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. See Id. If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision of the Commissioner. See Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted).

Burden of Proof

The Commissioner's regulations governing determinations of disability set forth a five-step sequential evaluation process which the Commissioner must use in assessing disability claims. See 20 C.F.R. § 404.1520. First, a claimant has the burden of proving disability by establishing a physical or mental impairment which will persist for at least twelve consecutive months and prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §§ 416(i), 423(d)(1)(A); See 20 C.F.R. § 404.1520(b). Second, a determination is made as to whether any of a claimant's alleged impairments are "severe" under Agency regulations. See 20 C.F.R. § 404.1520(c). If no severe impairments are found, a finding of not disabled is warranted. Id. Third, an analysis is made as to whether any of a claimant's impairments, whether alone or in combination, meet or equal any of the criteria for listed impairments found at 20 C.F.R. Part 404, subpart P, appendix 1. See 20 C.F.R. § 404.1520(d). This determination is made without regard to age, education, or work experience. Impairments that meet or equal a listed impairment require a finding of disability. Impairments that do not do so require a determination of a claimant's RFC. Fourth, a determination is made, based upon a finding of a claimant's RFC, as to whether a claimant can return to his or her past relevant work, either as it was performed or as it is generally performed in the national economy. See 20 C.F.R. § 404.1520(e). If a claimant establishes that he or she is not

able to return to his or her past relevant work, the burden of production shifts to the Commissioner to show that the claimant can perform work existing in significant numbers in the national economy. See 20 C.F.R. § 404.1520(f). The Commissioner may meet this burden by relying on the Medical-Vocational Guidelines or vocational expert testimony. See 20 C.F.R. § 404.1566(e).

## Statement of the Issues

The specific issues on appeal by Plaintiff are: (1) whether the ALJ made a proper credibility finding and properly determined that Plaintiff's alleged impairments were not disabling under Agency regulations; and (2) whether the ALJ properly developed Plaintiff's residual functional capacity (RFC) and determined that she could perform work that existed in the national economy in significant numbers.

The general issues are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole.

## Argument

Plaintiff, a 32 year-old at the time of the ALJ's December 29, 2005 decision, applied for disability benefits and SSI on February 19, 2004, alleging that as of February 15, 2004, she was disabled due to neck and back pain from a car accident (Tr. 48, 74, 124). After careful consideration of the entire record, the ALJ determined that Plaintiff had a severe impairments in regard to her bulging discs of the lumbar spine, but did not have an impairment or combination of impairments that either met or equaled those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments (Tr. 15). The ALJ then found that Plaintiff had the residual functional capacity (RFC) to perform the full range of sedentary work, requiring lifting of up to 10 pounds occasionally and

4

lesser amounts frequently (Tr. 17). The ALJ found that Plaintiff had no non-exertional limitations (Tr. 15). Based upon this RFC, the ALJ found that Plaintiff could not perform any of her past relevant work (Tr. 15). However, he found that Plaintiff could perform jobs that existed in the national economy that were available in significant numbers based upon rules 201.24 and 210.25 of the Medical-Vocational Guidelines found at 20 C.F.R. Part 404, subpart P, Appendix 2 (Tr. 16).

### A. Substantial Evidence Supports the Commissioner's Decision

The ALJ carefully reviewed the record and found that Plaintiff's alleged impairments and other conditions did not preclude her from working. The ALJ found that Plaintiff's allegations regarding her limitations were not totally credible (Tr. 15).

The ALJ followed the factors for evaluating subjective complaints set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), and 20 C.F.R. §§ 404.1529 and 416.929 to find Plaintiff not fully credible (Tr. 14-15). The factors that the Commissioner must consider include: objective medical evidence; Plaintiff's work record; evidence relating to Plaintiff's daily activities; the duration, intensity and frequency of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions.[1] Id. at 1321-1322. The primary question is not whether Plaintiff experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent him from performing substantial gainful activity. See McGinnis v. Chater, 74 F. 3d 873, 874 (8th Cir. 1996). Where an ALJ specifically

---

[2] "[An] ALJ [is] not required to discuss methodically each Polaski consideration, so long as he acknowledged and examined those considerations before discounting [the claimant's] subjective complaints." Lowe v. Apfel 226 F.3d 969, 972 (8th Cir. 2000), citing Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996).

5

discredits a claimant's testimony for stated reasons, the court normally defers to the ALJ's determinations of credibility. See Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991).

As stated above, Plaintiff alleged that she could not work due to neck and back pain (Tr. 124).

On February 15, 2004, Plaintiff presented to Cape Girardeau Surgical Clinic, where she was diagnosed with severe muscle spasm pain and significant mechanism injury after a motor vehicle accident (Tr. 144). Radiological images of that date were normal (Tr. 152-59). Notably, the lumbar spine showed no abnormalities (Tr. 157). As well, a study of the cervical spine showed no gross evidence of fracture or subluxation (Tr. 152). Examination was normal, it was opined that Plaintiffs injury related to soft-tissue (Tr. 144).

On February 25, 2004, Plaintiff presented to Cape Girardeau Surgery Clinic still complaining of significant pain secondary to a car accident (Tr. 144). Plaintiff did not have any parasthesia or evidence of nerve root compression (Tr. 144). Physical therapy was prescribed and she was to use, heat, tub soaks, and Ibuprofen to control pain (Tr. 144). Plaintiff's physical therapy lasted from March 4 to March 24, 2004 (Tr. 131-40).

Plaintiff underwent an MRI of the brain on December 4, 2006 at which was normal (Tr. 232). A pelvic MRI of the same date showed no osseous abnormalities (Tr. 233). An MRI of the lumbar spine on December 7, 2004, showed mild lumbar spondylosis and minimal facet arthropathy, a tiny disc bulge at L3-4 and L4-5, causing minimal bilateral foraminal narrowing, but no central stenosis (Tr. 236). Also noted was a small disc bulge at L5-S1, causing mild to moderate right and mild left foraminal narrowing, but no central stenosis (Tr. 236).

6

Based upon this objective medical evidence of record, and the following factors, the ALJ properly found that Plaintiff had a severe impairment in her bulging lumbar discs, but that this condition was not disabling (Tr. 15).

The ALJ noted that Plaintiff's activities of daily living were inconsistent with her complaints of disability (Tr. 15). The record shows that Plaintiff cares for three minor children, does laundry, dishes, and otherwise maintains her household, as well as cooking and shopping (Tr. 79-80). The ALJ properly noted that the daily activities admitted by Plaintiff were not suggestive of total disability (Tr. 249). See Orrick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992).

The ALJ also noted that no doctor who has treated or examined Plaintiff ever rendered a medical opinion that she was unable to perform any type of work (Tr. 14). He also noted that, while the record demonstrated some bulging discs, there was no evidence of any nerve root impingement and no medical findings of sensory or motor deficits (Tr. 14). Additionally, the ALJ noted that while Plaintiff claimed that she had disabling headaches, no doctor reported that such headaches were of such severity, frequency, or intensity to preclude work activity (Tr. 14).

The ALJ also noted that Plaintiff's work and earnings history did not enhance her credibility (Tr. 15). Her work record shows that she has earned over $6,000 in only three years (Tr. 67). The Eighth Circuit has noted that "a lack of work history may indicate a lack of motivation to work rather than a lack of ability." Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001) citing Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir.1993) (claimant's credibility is lessened by a poor work history).

Finally, the ALJ noted that despite claims of disabling pain, Plaintiff was not any longer going to physical therapy or in an exercise program and has never been admitted to a pain clinic (Tr.

15). As well, she has not undergone treatment with pain relief injections and did not use a TENS unit (Tr. 15).

Because the ALJ articulated the inconsistencies upon which he relied in discrediting Plaintiff's testimony, and because substantial evidence in the record as a whole supports his credibility findings, the Court should affirm the ALJ's decision that Plaintiff's subjective complaints were not entirely credible. See Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996).

Plaintiff alleged that she had depression in her administrative hearing (Tr. 246). She further testified that she took an anti-depressant (Tr. 246). Yet, Plaintiff did not allege this impairment when she filed her application for benefits. As well, she does not appear to seek any mental health treatment and has not been referred to such treatment. Given these facts, the ALJ did not have to inquire further into this matter and did not need to order a psychological evaluation. See Hensley v. Barnhart, 352 F.3d 353, 357 (8th Cir. 2003).

II.   The ALJ Made A Proper RFC Determination and Found that Plaintiff Could Perform the Full Range of Sedentary Work.

Plaintiff argues that the ALJ erred in his assessment of Plaintiff's RFC and that he failed to find that she had non-exertional limitations that would have precluded working at the full range of sedentary work. Plaintiff's brief at p. 7-11.

It is Plaintiff's burden to prove her RFC and the ALJ assesses an RFC based upon the whole record, not just the medical record. See Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). After properly evaluating Plaintiff's subjective complaints, the ALJ formulated Plaintiff's RFC at step four of the sequential evaluation process based on all the credible evidence of record (Tr. 15). See 20 C.F.R. §§ 404.1545 and 416.945; see also Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). The ALJ explicitly found Plaintiff could meet the exertional requirements of sedentary

work per 20 C.F.R. §§ 404.1567(a) and 416.967(a) (Tr. 15). Because the ALJ found Plaintiff capable of the exertional requirements for a full range of sedentary work, there was no need for vocational expert testimony, even if Plaintiff was unable to perform any of her past work. See Walker v. Shalala, 993 F.2d 630, 632 (8th Cir. 1993). The ALJ properly did not require the testimony of a vocational expert at the administrative hearing.

Once the ALJ determined that Plaintiff's credible impairments did not compromise her ability to perform a full range of sedentary work, the ALJ considered the requirements of Plaintiff past work and found that she could not perform such work (Tr. 15). However, he proceeded to step five of the sequential evaluation process and determined, based upon the Medical-Vocational Guidelines at 20 C.F.R. Part 404, subpart P, Appendix 2, that Plaintiff could perform other work that existed in significant numbers in the national economy (Tr. 16). Thus, a finding that Plaintiff was not disabled was mandated.

Plaintiff implicitly argues that the ALJ should have called a vocational expert due to the non-exertional nature of Plaintiff's pain. This is not so. Pain can be an exertional impairment or a non-exertional one. See 20 C.F.R. § 404.1569a. Clearly, in this case, the ALJ found it to be exertional in nature and accounted for it in his residual functional capacity which limited lifting to no more than ten pounds (Tr. 15).

Finally, Plaintiff argues that the ALJ erred in that he did not find that Plaintiff had a non-exertional impairment (in her intellectual functioning) that would have prevented application of the Medical-Vocational Guidelines at 20 C.F.R. Part 404, subpart P, Appendix 2. Plaintiff's argument is without merit.

It is true that Plaintiff testified that she only attended school to the ninth grade and attended special education[2] classes (Tr. 128, 251-52). However, the other evidence of record clearly shows that Plaintiff was previously able to work without any apparent problems (Tr. 124). In fact, in describing her past work, Plaintiff stated that some of those jobs required the use of tool and equipment, the application of technical knowledge or skills, and writing or completing reports (Tr. 116-17). As well, when completing forms as part of her applications for disability benefits and SSI, Plaintiff stated that she read books and magazines (Tr. 81). When asked if she had any trouble reading, Plaintiff replied, "I have to lean to the right just to get comfortable" (Tr. 81). This response does not indicate that Plaintiff had any intellectual difficulties with reading. She also stated that she had no problem with following written or verbal instructions (Tr. 82). In her administrative hearing, Plaintiff stated that she had no difficulties reading and could count money (Tr. 252). In fact, she expressed no cognitive difficulties at all. Given this testimony and the other evidence of record, including that Plaintiff completed many forms as part of her application process, the ALJ properly did not find that she had a mental impairment or that her intellectual functioning constituted a non-exertional impairment that would have required vocational expert testimony. See Hensley v. Barnhart, 352 F.3d 353, 357 (8th Cir. 2003).

## Conclusion

Plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations. Substantial evidence on the record as a whole supports the

---

[2] Plaintiff's school transcript is in the administrative record and does not explicitly indicate that she attended special education classes (Tr. 84).

Commissioner's decision that Plaintiff failed to prove that he was "disabled" within the meaning of the Social Security Act. Accordingly, the Commissioner's decision should be affirmed.

    Respectfully submitted,

    CATHERINE L. HANAWAY
    UNITED STATES ATTORNEY

    s/ Jane Rund
    JANE RUND, Bar #47298
    Assistant United States Attorney
    111 S. 10th Street, Suite 20.333
    St. Louis, Missouri 63102
    (314) 539-2200
    (314) 539-2777 FAX

    OF COUNSEL
    Frank V. Smith III
    Chief Counsel, Region VII
    Social Security Administration

    By
    Michael Lehr
    Assistant Regional Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2007, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:
Fred H. Thornton, III, Attorney for Plaintiff, 113 West North Street, P.O. Box 40, Sikeston, MO 63801.

    s/ Jane Rund
    JANE RUND #47298
    Assistant United States Attorney